

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

April 26, 1968

Hon. Nolan Queen
County Attorney
Parker County Courthouse
Weatherford, Texas 76086

Opinion No. M-226

Re: Whether the Clerk of Parker
County may accept a city sub-
division plat of property for
recording where the property
lies within an area which is
"overlapped" by the extra-
territorial jurisdiction of
two cities in the county, in
the absence of apportionment
between them by agreement or
court action, and related

Dear Mr. Queen:                        question.

In your letter of March 28, 1968, you requested the
opinion of this office as to whether the County Clerk of Parker
County may accept a city subdivision plat of property for re-
cording where the property lies within an area which is "over-
lapped" by the extraterritorial jurisdiction of two cities in the
county, in the absence of apportionment between these cities by
agreement or by court action, under Article 974a, Vernon's Civil
Statutes, and Article 970a, Vernon's Civil Statutes.

Article 974a, Vernon's Civil Statutes, reads, in part,
as follows:

"Sec. 3. That it shall be unlawful for
the County Clerk of any county in which such
land lies to receive or record any such plan,
plat or replat, unless and until the same
shall have been approved by the City Planning
Commission of any city affected by this Act,
if said city has a City Planning Commission
and if it has no City Planning Commission,
unless and until the said plan, plat, or re-
plat shall have been approved by the govern-
ing body of such city. If such land lies
outside of and within five (5) miles of
more than one (1) city affected by this Act,
then the requisite approval shall be by the
City Planning Commission or governing body,
as the case may be, of such of said cities
having the largest population; . . . ."
(Emphasis added.)

- 1085 -

Article 970a, Vernon's Civil Statutes, provides, in part, as follows:

"Sec. 3. A. In order to promote and protect the general health, safety, and welfare of persons residing within and adjacent to the cities of this State, the Legislature of the State of Texas declares it to be the policy of the State of Texas that the unincorporated area, not a part of any other city, which is contiguous to the corporate limits of any city, to the extent described herein, shall comprise and be known as the extraterritorial jurisdiction of the various population classes of cities in the State and shall be as follows:

"(1) The extraterritorial jurisdiction of any city having a population of less than five thousand (5,000) inhabitants shall consist of all the contiguous unincorporated area, not a part of any other city, within one half (1/2) mile of the corporate limits of such city.

"(2) The extraterritorial jurisdiction of any city having a population of five thousand (5,000) or more inhabitants, but less than twenty-five thousand (25,000) inhabitants shall consist of all the contiguous unincorporated area, not a part of any other city, within one (1) mile of the corporate limits of such city.

"(3) The extraterritorial jurisdiction of any city having a population of twenty-five thousand (25,000) or more inhabitants, but less than fifty thousand (50,000) inhabitants shall consist of all the contiguous unincorporated area, not a part of any city, within two (2) miles of the corporate limits of such city.

"(4) The extraterritorial jurisdiction of any city having a population of fifty thousand (50,000) or more inhabitants, but less than one hundred thousand (100,000) inhabitants shall consist of all the contiguous unincorporated area, not a part of any other city, within three and one half (3-1/2) miles of the corporate limits of such city.

"(5)   The extraterritorial jurisdiction
of any city having a population of one hundred
thousand (100,000) or more inhabitants shall
consist of all the contiguous unincorporated
area, not a part of any other city, within
five (5) miles of the corporate limits of such
city.

"B.   In the event that on the effective
date of this Act the area under the extra-
territorial jurisdiction of a city overlaps
an area under the extraterritorial jurisdiction
of one or more other cities, such overlapped
area may be apportioned by mutual agreement
of the governing bodies of the cities concerned.
Such agreement shall be in writing and shall
be approved by an ordinance or resolution adopted
by such governing bodies."

These two statutes were construed in Attorney General's
Opinion C-459 (1965), wherein it was held that Article 970a of
Vernon's Civil Statutes controls the limits of the extraterritorial
jurisdiction of a city.   In reaching this conclusion it was ob-
served that House Bill 13 (Article 970a, Vernon's Civil Statutes)
contained practically verbatim the provisions of Article 974a,
Vernon's Civil Statutes.   Section 3J of that original bill pro-
vided:

"The provisions of this Sec. 3 are cumu-
lative of the provisions of Art. 974a, R.C.S.
of Texas, but the provisions of this act
shall control in event of conflict."

When this bill was sent to the Senate and amended, this section was
omitted.

The opinion further concluded:

"Acts 58th Leg. 1963, Ch. 160, p. 447,
enacting the Municipal Annexation Act (Art.
970a) provides in Art. III of the Act that
it shall not repeal Acts 40th Legislature,
1927, Ch. 231 as amended (Art. 974a and
Vernon's Annotated Penal Code Art. 427b),
unless expressly inconsistent with the act,
and then only to the extent of such incon-
sistency."

In reaching the conclusion that Article 970a, Vernon's
Civil Statutes, establishes the extraterritorial jurisdiction of
any city, Attorney General's Opinion C-459 (1965) found that the

only inconsistency between Article 970a, Vernon's Civil Statutes, and Article 974a, Vernon's Civil Statutes, is the distance limitations imposed upon incorporated cities according to population brackets with regard to extraterritorial jurisdiction. After a careful review of Article 970a, and Article 974a, and after a review of the foregoing Attorney General's Opinion, it is the opinion of this office that there is no conflict between any provision of Article 970a, V.C.S., and Section 3 of Article 974a, V.C.S., with regard to the recordation of subdivision plats. As previously stated, this section of Article 974a provides that in the event that the subdivision in question falls "within five (5) miles of more than one (1) city affected by this Act, then the requisite approval shall be by the City Planning Commission or governing body, as the case may be, of such of said cities having the largest population; . . . ." (Emphasis added.)

It is, therefore, the opinion of this office that the County Clerk of Parker County, Texas, may accept for filing a city subdivision plat of property which lies within an area overlapped by the extraterritorial jurisdiction of two cities in the county, when such plat bears approval by the City Planning Commission or governing body of Weatherford, Texas, the city having the largest population.

In view of this holding, it is not necessary for this office to rule on the related question contained in your request.

S U M M A R Y

The County Clerk of Parker County, Texas, may accept for filing a city subdivision plat of property which lies within an area overlapped by the extraterritorial jurisdiction of two cities in the county, when such plat bears approval by the City Planning Commission or governing body of the city having the largest population.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Brock Jones, Jr.
Assistant Attorney General

Hon. Nolan Queen, page 5 (M-226)


APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. V. Geppert
Z. T. Fortescue
Alan Minter
Arthur Sandlin

A. J. CARUBBI, JR.
Executive Assistant